IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RICHARD L DOPP,** | ) |
| | ) |
|     **Petitioner,** | ) |
| | ) |
| v. | )   Case No. CIV-12-703-HE |
| | ) |
| **JUSTIN JONES, et al.,** | ) |
| | ) |
|     **Respondents** | ) |

### REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). At issue is Petitioner's Motion for Preliminary Injunction and/or Temporary Restraining Order [Doc. 11]. For the following reasons, it is recommended that the motion be denied.

### Petitioner's Underlying Claims and Request for Relief

In prison disciplinary proceedings, Petitioner was found guilty of escape and possession of contraband. Petition, p. 2. Petitioner seeks habeas relief on grounds that the proceedings violated his procedural and substantive due process rights. *Id.*, pp. 7-9. In the present motion, Petitioner alleges the lack of an adequate law library and legal materials and seeks injunctive relief mandating access to such. Motion for Injunction, pp. 1, 12.

## Analysis

A preliminary injunction[1] involves intermediate relief of the same character as that which may be finally granted. *See De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). Thus, "the movant must establish 'a relationship between the injury claimed in the party's motion and the conduct asserted in the [petition].'" *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010) (citing *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)).

Petitioner's underlying habeas claims allege a lack of procedural and substantive due process in prison disciplinary proceedings and bear no relationship to Petitioner's subsequent alleged denial of access to a law library and legal materials. Therefore, the undersigned finds that a preliminary injunction would be inappropriate in the instant case and recommends that the motion be denied. *See Bishop v. Roof*, No. CIV-11-0550-HE, 2012 WL 2995664, at *1 (W.D. Okla. July 23, 2012) (unpublished op.) (adopting magistrate judge's finding that because petitioner's motion for preliminary injunction addressed concerns unrelated to the underlying habeas claims, petitioner was not entitled to injunctive relief).

---

[1] Petitioner's alternate request for a temporary restraining order became moot when Respondent obtained notice of the request through the court's electronic notification process. *See Robinson v. Carney*, No. CIV-07-236-C, 2007 WL 2156391, at *1 (W.D. Okla. July 26, 2007) (unpublished op.) ("Once the Defendants obtained notice and an opportunity to respond, the request for a temporary restraining order became moot." (citations omitted)).

**RECOMMENDATION**

Based upon the foregoing analysis, it is recommended that Petitioner's Motion for Preliminary Injunction and/or Temporary Restraining Order [Doc. 11] be denied.

The parties are advised of their right to file an objection to this Report and Recommendation in accordance with Fed. R. Civ. P. 72(b)(2). Any such objection must be filed with the Clerk of this Court by the 9th day of October, 2012. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation does not dispose of all issues referred to the undersigned Magistrate Judge in the captioned matter.

Entered this 19th day of September, 2012.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE