## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RICHARD L. DOPP,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   Case No. CIV-12-703-HE |
| | ) |
| **JUSTIN JONES, et al.,** | ) |
| | ) |
| Respondents. | ) |

### REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petition, Doc. No. 1.  The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Respondent filed a Motion to Dismiss [Doc. No. 9] and Petitioner filed a Response [Doc. No. 13].  For the reasons set forth, the undersigned recommends that the Petition be summarily dismissed without prejudice in accordance with Rule 4 of the Rules Governing Section 2254 Cases because even if Petitioner's allegations are true, the court cannot grant any effective remedy in habeas relief.

### Petitioner's Habeas Claims

Petitioner asserts that he was denied substantive and procedural due process in connection with two prison disciplinary convictions.  Petition, pp. 7-15.[1]

### Review Pursuant to Rule 4 of the Rules Governing Section 2254 Cases

---

[1] Page citations herein reflect this court's CMECF pagination.

The court has a duty to summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases. Rule 4 may be applied in the court's discretion to actions brought pursuant to 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing 2254 Cases in the United States District Courts; *see also Boutwell v. Keating*, 399 F.3d 1203, 1210 n.2 (10th Cir. 2005) (district court acted within its discretion in applying the Section 2254 Rules to prisoner's § 2241 petition) (citing Rule 1 (b)).

In his Petition, Petitioner admits that he is serving a sentence of life without the possibility of parole. Petition, p. 1. He also acknowledges that it is "undisputable that [Petitioner] is <u>ineligible</u> for class level 'earned credits.'" Response, p. 3 (emphasis in original). Because Petitioner is ineligible for parole or earned credits, this court cannot effectuate any relief in habeas corpus proceedings. That is, even if Petitioner's disciplinary convictions were overturned he would not be entitled to a speedier release from confinement nor would the duration of his confinement be affected in any way. *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (holding that where a favorable resolution on habeas review would not affect the inmate's length of confinement, prisoner's only avenue for relief was under 42 U.S.C. § 1983); *Hall v. Williams*, Nos. 99-2326, 99-2362, 2000 WL 990866, at *2 (10th Cir. July 19, 2000) (unpublished op.) (citing *Orellana* with approval and finding that petitioner's due process challenge to his classification and segregation was not cognizable under 28 U.S.C. § 2241 because inmate was ineligible for earned credits and his allegations could therefore not entitle him to speedier release from confinement); *Mosier v. Calbone*,

CIV-05-120-HE, Doc. No. 40, p. 3 (W.D. Okla. Aug. 23, 2005) (unpublished op.) (finding that petitioner's claim regarding a lack of due process was not cognizable in habeas corpus proceedings where inmate was ineligible for earned credits), *adopted*, Order, Doc. No. 43, p. 1 (W.D. Okla. Sept. 23, 2005) (unpublished op.).

Accordingly, the undersigned recommends summarily dismissal of Petitioner's 28 U.S.C. § 2241 Petition.

### **RECOMMENDATION**

Based upon the foregoing analysis, it is recommended that the Petition for a Writ of Habeas Corpus be summarily dismissed without prejudice. Adoption of this recommendation would moot Respondent's Motion to Dismiss [Doc. No. 9] and Petitioner's Motion to Expedite Ruling on Primary Subject Matter [Doc. No. 18].

The parties are advised of their right to file an objection to this Report and Recommendation in accordance with Fed. R. Civ. P. 72(b)(2). Any such objection must be filed with the Clerk of this Court by the 27th day of February, 2013. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 7th day of February, 2013.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE