# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD L. DOPP, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | NO. CIV-12-0703-HE |
| ) | |
| JUSTIN JONES, *et al.,* ) | |
| ) | |
| Respondents. ) | |

## **ORDER**

Petitioner Richard L. Dopp, a state prisoner appearing *pro se*, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Consistent with 28 U.S.C. § 636(b)(1)(B) and (C), this matter was referred for initial proceedings to Magistrate Judge Bana Roberts. Petitioner filed a motion for a preliminary injunction or temporary restraining order seeking access to an adequate law library and legal materials during his litigation [Doc. #11]. Judge Roberts recommended that the motion be denied because petitioner seeks injunctive relief unrelated to the conduct asserted in his petition. Petitioner has filed an objection. After conducting a *de novo* review, *see* 28 U.S.C. § 636(b)(1), the court agrees with the magistrate judge's conclusion that the motion for a preliminary injunction should be denied.

Mr. Dopp's habeas petition alleges procedural and substantive due process violations resulting from prison disciplinary proceedings. Petitioner's motion alleges that respondents

---

[1] Because petitioner is proceeding pro se, the court has construed his pleadings liberally. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).

are denying him access to an adequate law library and legal materials, impeding his ability to conduct the current litigation. As the magistrate judge recognized, when seeking a preliminary injunction, "the movant must establish 'a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" Little v. Jones, 607 F.3d 1245, 1251 (10th Cir. 2010) (quoting Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994)). In his objection, Mr. Dopp seeks to establish such a relationship by pointing out that his petition includes a claim that respondents violated his due process by refusing to mail his misconduct appeals to the state authorities due to his indigent status [*See* Doc. Nos. 1 at 12; 3 at 14]. However, the court agrees with the magistrate judge that the relief sought in petitioner's motion is of a different character than and unrelated to the relief he is ultimately seeking in his habeas petition.

Accordingly, the court adopts Magistrate Judge Roberts' Report and Recommendation [Doc. #14] and **DENIES** petitioner's motion for a preliminary injunction or temporary restraining order [Doc. #11].

**IT IS SO ORDERED**.

Dated this 25th day of February, 2013.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE