IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RICHARD LYNN DOPP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-12-703-D |
| | ) | |
| JUSTIN JONES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Bana Roberts pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Judge Roberts recommends that the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 be summarily dismissed. Petitioner has filed a timely written objection. Thus, the Court must make a *de novo* determination of portions of the Report to which specific objection is made, and may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner Richard Dopp, a state prisoner appearing *pro se*, seeks federal habeas relief based on claims that he was denied due process in connection with two disciplinary convictions. One found him guilty of a misconduct of escape from the Lawton Correctional Facility, and the other found a misconduct of possessing contraband at the Oklahoma State Penitentiary (OSP). Petitioner also asserts a claim that he was denied due process in connection with his reincarceration (which he denominates an "arrest") following the escape. For relief, Petitioner requests that both misconduct

convictions be expunged and not used for purposes of inmate classification, housing assignment, or consideration by the Oklahoma Pardon and Parole Board or Governor.

Petitioner is serving a life sentence without the possibility of parole for a drug trafficking crime committed after previous felony convictions. As a result of this sentence, Petitioner is not eligible to earn time credits toward completion of his prison term, nor to be considered for parole. *See* Okla. Stat. tit. 57, §§ 138(A), 332.7(A). For this reason, Judge Roberts concludes that Petitioner cannot obtain habeas relief and that his Petition should be summarily dismissed without prejudice.

In his Objection, Petitioner contends that Judge Roberts overlooks a possibility that the disciplinary convictions may deprive him of an opportunity to obtain a commutation of his sentence. Plaintiff alleges he will never receive a favorable recommendation by the Pardon and Parole Board or favorable action by the Governor on any application for commutation if the misconducts remain on his record. *See* Okla. Stat. tit. 57, § 332.2(A) (authorizing parole board recommendations on applications for commutation or clemency). Accordingly, Petitioner argues the convictions will inevitably affect the duration of his sentence to some degree.

Upon *de novo* consideration of this issue, the Court finds the possibility that Petitioner's misconduct convictions might one day disadvantage him with respect to a possible commutation of his sentence too speculative to provide a basis for a writ of habeas corpus. The cases on which Petitioner relies are inapposite and address the issue of whether a protected liberty interest was infringed. For example, in *Wilson v. Jones*, 430 F.3d 1113 (10th Cir. 2005), the court of appeals found that a misconduct conviction resulted in an automatic, mandatory reduction in inmate classification and credit-earning level and, thus, inevitably affected the length of the inmate's sentence and implicated a liberty interest. *See also Sandin v. Connor*, 515 U.S. 472, 487 (1995)

(considering whether prison regulations or the Due Process Clause afforded plaintiff a protected liberty interest).

Judge Roberts' recommendation for dismissal of the habeas petition is not based on the lack of a protected liberty interest but the unavailability of a habeas remedy. "In this circuit, a prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus." *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (citing *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997)). In contrast, a request for "a change in the place of confinement is properly construed as a challenge to the conditions of confinement" and must be brought as a civil rights action. *See id.* (internal quotation omitted); *see also United States v. Garcia*, 470 F.3d 1001, 1003 (10th Cir. 2006). Similarly, "a challenge to a transfer from one security level to another or from one prison to another is cognizable under § 1983." *Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005).

In this case, expunging Petitioner's misconduct convictions from his record would not result in his speedier release because they do not affect a right to earn time credits or to be considered for parole; he has no such rights. The only effect of expungement would be to increase Petitioner's inmate classification and improve his housing assignment under maximum security at OSP; in other words, the relief he seeks would affect only his conditions of confinement. Under the circumstances, Plaintiff's remedy is a civil action for relief under § 1983.

IT IS THEREFORE ORDERED that the Court adopts the Report and Recommendation [Doc. No. 19] in its entirety. The Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 is dismissed without prejudice to refiling. All pending motions [Doc. Nos. 9 & 18] are denied as moot.

IT IS SO ORDERED this 20th day of March, 2013.

*/s/ Timothy D. DeGiusti*
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE